IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-130-BO

| | |
|---|---|
| MICHAEL C. SIMMONS, *Plaintiff*, | ) ) ) |
| v. | ) ) ORDER |
| THE CITY OF SOUTHPORT NORTH CAROLINA, BRANNON GRAY in his individual capacity, KEVIN LONG, in his individual capacity, *Defendants*. | ) ) ) ) ) ) ) |

This cause comes before the Court on defendants' partial motion to dismiss [DE 13]. The motion is now ripe for disposition. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff is a Black man who began working in the City of Southport police department in 2006. Plaintiff alleges that the City of Southport and two of his police colleagues, Kevin Long and Brannon Gray, subjected plaintiff to unlawful discrimination, denial of his due process rights, and wrongful termination when he was ultimately fired.

When plaintiff began working as a police officer in Southport in 2006, his salary was allegedly $3,000 less than his commensurate colleagues. To make up for this pay gap, Chief of Police Jerry Dove allegedly gave plaintiff permission to take a part-time job. Chief Dove allegedly advised plaintiff that Dove would sign off on any part-time employment as long as Simmons was able to immediately respond if he was called in to work with the police department. Allegedly many police officers at the time were allowed to maintain part-time jobs. Plaintiff worked part-time at Lowe's from April 2007 to October 2017.

In 2008, plaintiff was promoted to Corporal and allegedly did not receive the requisite pay-raise. However, plaintiff did receive the annual staff raises and ultimately reached the level of pay assigned to Corporal. In 2011, plaintiff was promoted to First Sergeant and named Patrol Commander. He allegedly did not receive the requisite pay increase. In 2016, plaintiff was promoted to First Lieutenant and allegedly received a salary $6,000 less the allotted salary. The new Chief of Police, Gary Smith, allegedly allowed plaintiff to make his own schedule to accommodate plaintiff's second job, just as the former Chief had allowed.

Chief Smith allegedly asked the City of Southport to pay plaintiff the salary that plaintiff was entitled to, and the City Manager allegedly refused. Chief Smith allegedly encouraged plaintiff to continue to work part-time and make his own schedule so that he could accommodate his part time work and make up the difference in pay. In 2018, Chief Smith allegedly asked the City again to pay plaintiff his full salary. The City Manager allegedly responded that plaintiff should keep working his part time job until the city budget could accommodate a pay raise.

Around 2017 or 2018, plaintiff allegedly began driving trucks part-time for Oak Island Transport. Chief Smith allegedly informed the City Manager that if plaintiff was working a dayshift for the transport business, Smith would cover plaintiff's daytime police shift and plaintiff would work the night shift. Two White police colleagues, the individual defendants in this case, allegedly saw plaintiff driving rental cars around the area. Gray and Long allegedly told Chief Smith that they believe plaintiff might be selling drugs or doing something illegal. Chief Smith allegedly told them that plaintiff wasn't doing anything illegal and that he actually worked a second job.

Gray and Long then allegedly complain to the City Manager about plaintiff's part time job. At no point did the City Manager advise plaintiff to stop his secondary employment or that anyone

2

had complained about him. Gray and Long then allegedly began an unapproved investigation of plaintiff that included taking secret surveillance videos of plaintiff. Gray and Long allegedly called plaintiff racial slurs and used offensive racial slurs in front of plaintiff over 100 times. Long allegedly stated that he would "like to see them all [Black males] swinging from a rope." Amended Complaint ¶ 58. Long allegedly spoke openly about how Long could do plaintiff's First Lieutenant job better than him because plaintiff was a dumb Black man. *Id.* at ¶ 59.

Eventually, Gray and Long allegedly went to the Brunswick County District Attorney's office and the Brunswick County Sheriff's Department with the results of their unauthorized investigation to accuse plaintiff of selling drugs and working secondary employment. The resulting investigation concluded that plaintiff was in fact working a second job. Plaintiff was charged with obtaining property by false pretenses, failure to discharge a duty, and obstruction of justice. The City then placed plaintiff on unpaid administrative leave. Before plaintiff's criminal case was resolved, plaintiff was fired. Allegedly, another White officer who faced criminal charges was placed on paid administrative leave and kept his employment status until after his criminal proceedings were resolved. Plaintiff was allegedly replaced with a White officer who was allegedly paid the market rate and above was plaintiff had been paid.

Plaintiff filed his complaint on July 26, 2021. He filed an amended complaint on September 1, 2021 in which he brought four claims against the City of Southport, Gray, and Long in their individual capacities. Plaintiff states that he faced unlawful contract and employment discrimination, in violation of 42 U.S.C. § 1981; denial of his due process rights relating to the deprivation of his property interest in his employment, in violation of 42 U.S.C. § 1983; wrongful termination, in violation of N.C.G.S. § 143-422 *et seq*; and negligence. Defendants filed a partial motion to dismiss plaintiff's § 1981 and § 1983 claims.

3

DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

*§ 1983 Claim*

Defendants argue that plaintiff's § 1983 claim should be dismissed because it is an improper selective prosecution claim. However, defendants misunderstand the nature of plaintiff's complaint. Plaintiff brings a claim under 42 U.S.C. § 1983 alleging that the City of Southport violated his constitutional rights by depriving him of the property interest he held in his job without due process and that the City failed to fully compensate him or treat him equally when compared

4

to White officers. Plaintiff also alleges that the individual defendants violated plaintiff's constitutional rights by making baseless allegations of illegal activity to the City Manager and the DA's office, conducting unauthorized investigations of plaintiff, and conducting warrantless searches of his personal items. Challenging discriminatory harassment in the form of a baseless investigation by plaintiff's colleagues is not the same as a selective prosecution charge. Plaintiff's § 1983 claim does not call into question the lawfulness of any subsequent legal prosecution or conviction by the state of North Carolina. Thus, plaintiff's claim is not a selective prosecution claim. *See generally Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Accordingly, defendants have not actually challenged plaintiff's § 1983 claim and the motion to dismiss the § 1983 claim must be denied.

*§ 1981 Claim*

Defendants argue that plaintiff's § 1981 claim must be dismissed because § 1983 is the exclusive federal remedy for lawsuits alleging that a state actor has violated a person's federally guaranteed rights. Plaintiff argues that the City discriminated against plaintiff because of his race in his employment contract when the City failed to pay plaintiff a salary consistent with his White colleagues and by treating him differently than other White officers who faced criminal charges. Plaintiff alleges that the individual defendants discriminated against plaintiff with regards to the terms and conditions of his employment by maliciously reporting plaintiff to the City, illegally investigating plaintiff, and for reporting only plaintiff for asking other officers to clock him in while not reporting other White officers who asked the same thing.

Section 1981, "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is

5

pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 702 (1989). The City of Southport is undoubtedly a state actor and thus cannot be the target of a § 1983 claim. *See id.*

Defendants Gray and Long were sued in their individual capacities, but plaintiff alleges that they were acting "under color of state law[,]" Amended Complaint ¶ 93, when they conducted unlawful investigations of plaintiff in uniform and used their positions as police officers to report plaintiff to the City and district attorney. "A private entity may qualify as a state actor when, as relevant here, the entity exercises powers traditionally exclusively reserved to the State." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1924 (2019) (internal quotations omitted). "A private party is considered a state actor for purposes of § 1983 if the deprivation [is] caused by the exercise of some right or privilege created by the State ... [and] the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Gregg v. Ham*, 678 F.3d 333, 340 n3 (4th Cir. 2012) (internal quotations omitted). Plaintiff alleges that defendants Gray and Long were exercising or abusing powers given to them by their roles as state police officers. Thus, the individual defendants were also state actors and cannot be the target of a § 1981 claim. *See Thomas v. City of Annapolis*, 851 Fed. App'x 341, 347 (4th Cir. 2021). Accordingly, defendant's motion to dismiss plaintiff's § 1981 claim is granted.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's partial motion to dismiss [DE 13] is DENIED as to the § 1983 claim (Count II) and GRANTED as to the § 1981 claim (Count I). Count I of plaintiff's amended complaint is dismissed. Counts II, III, and IV remain in the case.

SO ORDERED, this __2__ day of August, 2022.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:21-cv-00130-BO   Document 18   Filed 08/03/22   Page 6 of 6