IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-130-BO

MICHAEL CHRISTIAN SIMMONS, )
    Plaintiff, )
 )
v. )     O R D E R
 )
THE CITY OF SOUTHPORT NORTH )
CAROLINA, BRANNON GRAY, in his )
individual capacity, KEVIN LONG, in his )
individual capacity, and JONATHAN )
ELLIOTT, in his individual capacity, )
    Defendants. )

This cause comes before the Court a motion to strike plaintiff's second amended complaint, plaintiff's motion for leave to file a second amended complaint, a motion by defendant Elliot to dismiss and for more definite statement, and plaintiff's motion to dismiss defendant Elliott and the 42 U.S.C. § 1981 claims against all defendants.

BACKGROUND

Plaintiff is a former City of Southport police officer who filed a complaint alleging that the City of Southport and two of his police colleagues, Kevin Long and Brannon Gray, subjected him to unlawful discrimination, denial of his due process rights, and wrongful termination when he was ultimately fired. On August 3, 2022, the Court granted in part and denied in part defendants' partial motion to dismiss plaintiff's amended complaint. [DE 18]. The Court dismissed plaintiff's claims under 42 U.S.C. 1981 but allowed plaintiff's 42 U.S.C. § 1983 claims to proceed. Defendants City of Southport, Gray, and Long filed their answer on August 23, 2022. [DE 20].

Plaintiff subsequently filed a second amended complaint, [DE 22], adding a defendant, Jonathan Elliott, and asserting § 1981 claims against defendants Gray and Long as well as Elliott. Defendants City of Southport, Gray, and Long moved to strike plaintiff's second amended complaint for failure to comply with Fed. R. Civ. P. 15. [DE 27]. Plaintiff then filed a motion for leave to file a second amended complaint [DE 29] and an opposition to the motion to strike. [DE 30]. Defendant Elliott the appeared through counsel [DE 33] and moved to dismiss the allegations against him in the second amended complaint for failure to state a claim and further sought a more definite statement. [DE 36]. Finally, plaintiff filed as motion a notice of voluntarily dismissal of defendant Elliott and the § 1981 claims against all defendants pursuant to Fed. R. Civ. P. 41. [DE 38].

## DISCUSSION

Rule 41(a) permits a plaintiff to voluntarily dismiss an action without a court order prior to the filing of an answer or motion for summary judgment by the opposing party. Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff seeks to voluntarily dismiss one defendant and some claims, not the entire action. Although some courts have found that reference to "an action" by the rule requires that a plaintiff may not proceed under Rule 41 to dismiss claims against one but not all defendants, "the sounder view and the weight of judicial authority are to the contrary." 9 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 2362 (3d ed. 2008); *see also Duke Progress Energy LLC v. 3M Co.*, No. 5:08-CV-460-FL, 2015 WL 5603344, at *2 (E.D.N.C. Sept. 23, 2015) (noting use of Rule 41(a) to dismiss fewer than all defendants in an action is standard practice in this district); *S. Bank & Tr. Co. v. Laburnum Hotel Partners, LLC*, No. 2:13-CV-216, 2014 WL 3052535, at *5 (E.D. Va. July 3, 2014).

2

A voluntary dismissal under this rule is generally self-executing and effective at the moment filed. *Jackson v. United States*, 245 F. App'x 258, 259 (4th Cir. 2007). In light of this, the Court will permit plaintiff to file his second amended complaint in order to effect the voluntary dismissal of defendant Elliott and the § 1981 claims against all defendants and because leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2). This will further moot Elliott's motion to dismiss and motion for more definite statement. Because the only material change to the amended complaint was the addition of defendant Elliott and the re-allegation of dismissed § 1981 claims, which are all subject to the voluntary dismissal by plaintiff, the Court denies the motion to strike the second amended complaint or deny leave to amend.

## CONCLUSION

In summary, plaintiff's motion for leave to file an amended complaint [DE 29] is GRANTED. The second amended complaint at [DE 22] is the operative complaint in this matter. The motion to strike the second amended complaint or deny leave to amend [DE 27] is DENIED. Plaintiff's motion/notice of voluntary dismissal of defendant Elliott and his § 1981 claims against all defendants [DE 38] is GRANTED. Defendant Elliott's motion to dismiss and for more definite statement [DE 36] is DENIED AS MOOT. Count I of the second amended complaint, which alleges § 1981 claims against all defendants, and all other claims against defendant Elliott are hereby DISMISSED.

SO ORDERED, this 14 day of April 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE